# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 6, 2009

137718

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

RICHARD ALLEN MALONE,
                    Plaintiff-Appellee,

v                                                                SC: 137718
                                                                 COA: 285651
                                                                 WCAC: 04-000392

AETNA INDUSTRIES, a/k/a AZ
AUTOMOTIVE CORPORATION,
                    Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the October 10, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

I would remand this case to the Court of Appeals for consideration as on leave granted. In this case, the workers' compensation magistrate determined that plaintiff had suffered a partial disability, and both parties appealed. The Workers' Compensation Appellate Commission (WCAC) then remanded the matter to the magistrate for additional findings, and a second opinion was issued and it reiterated that plaintiff was only partially disabled. The WCAC majority then rejected this conclusion and determined at one point that plaintiff was "totally disabled." Yet, at another point, the same majority contradictorily indicated that plaintiff was entitled to a benefit rate as if he were totally disabled, "although partially disabled." Defendant then unsuccessfully sought leave to appeal in the Court of Appeals. I would remand this case to the Court of Appeals for consideration as on leave granted with instructions to determine: (1) whether the WCAC misapprehended its administrative appellate role in reviewing the decision of the magistrate, *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 732 (2000); (2) whether the WCAC opinion is inconsistent in its analysis; and (3) whether defendant is entitled to relief where the WCAC improperly equated wage-earning capacity with wages actually earned. MCL 418.361(1). The defendant, in my judgment, is entitled to a more coherent legal process than that which it has thus far received.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 6, 2009

Clerk

0303